**GOLDHARDT, ET AL., Plaintiffs-Appellants, v CURRY, ET AL., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3773. Decided January 22nd, 1946.

H. J. Gardner, Richards and Richards, Columbus, for plaintiffs-appellants.

Paul R. Gingher, Columbus, for defendants-appellees.

 

, **OPINION**

By THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. As far as pertinent to the issues raised by this appeal the record discloses that the action was one to set aside a conveyance of real estate on the grounds of fraud and mental incapacity, and also for an accounting between the parties.

The action was brought in the name of William and Clara Goldhardt as joint owners. During the pendency of the action William Goldhardt died testate, making his wife and co-plaintiff, Clara Goldhardt, sole devisee under the will. The action was revived in the name of Harold J. Gardner by agreed entry as follows:

"It appearing to the court that the plaintiff, William Goldhardt, has deceased since the beginning of this action and that Harold J. Gardner has been duly appointed and qualified as his administrator, it is, therefore, ordered that this action stand revived in the name of Harold J. Gardner as administrator of the estate of William Goldhardt, deceased, as one of the plaintiffs."

(Signed) "Charles A. Leach, Judge.

"Approved: A. L. Richards of Counsel for Plaintiffs.
Paul R. Gingher, Counsel for Defendants."

Numerous assignments of error have been made but since no bill of exceptions has been filed we can consider only those assignments that are apparent from the record. These assignments are that the Court erred in reviving the action in the name of Harold J. Gardner, Administrator, when it should have been revived in the name of Clara Goldhardt as the sole devisee and legatee under the will.

**Sec. 11407 GC** provides:

"Upon the death of the plaintiff the action may be revived in the name of his representatives to whom his right has

passed. If his right has passed to his personal representative, the revivor shall be in his name; and if to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

Since the action was for an accounting as well as other relief, the right of action survived in favor of the administrator and he was a proper party-plaintiff. An action for an accounting seeking to recover personal assets comes under the control of an administrator of an estate. In the case of Barrielle v Bettman, 199 Fed., 838, the Court said that in an action to recover the personal assets belonging to a deecdent's estate under §11407 GC, the action should be maintained by the decedent's administrator only and not by his heirs.

As to the action to set aside the conveyance of real estate, this right of action survived in the name of the devisee, Clara Goldhardt, and under §11407 GC, the action should also have been revived in her name as devisee. However, no application was ever made for a revivor in her name as such devisee and this cannot be a proper assignment of error.

It may be further noted that the entry reviving the action in the name of Harold J. Gardner, Administrator, was approved by counsel for the plaintiff without objection or exceptions being noted.

Finding no error in the record, the judgment is affirmed and cause ordered remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.